822 F.2d 59
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Florence HOEPPNER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1248
 United States Court of Appeals, Sixth Circuit.
 July 6, 1987.
 
 Before KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant appeals the district court's order affirming the Secretary's denial of disability benefits for the period from January 8, 1982 through December 7, 1983. After a hearing before an ALJ, claimant was awarded benefits beginning in December of 1983. Claimant contends that the Secretary's decision regarding the onset of her disability is not supported by substantial evidence. We cannot agree.
 
 
 2
 Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In this case, the medical evidence is generally inconclusive, except for claimant's treating physician's report and the addendum to that report which was submitted after the hearing. Claimant contends that the ALJ misinterpreted her doctor's report. We reject this contention for several reasons.
 
 
 3
 First, it is for the Secretary to determine whether a claimant is disabled within the meaning of the applicable regulations, and the Secretary is not required to accept a physician's conclusory statements that a claimant is disabled. 20 C.F.R. Sec. 404.1527. Second, claimant's physician's statements are conclusory, and, in addition, the record reveals that claimant continued to work until January 1982, even though her doctor claims that she became disabled as early as 1980. Third, claimant's condition was clearly progressive: from the time she was examined in August 1980, she did not see a doctor again until April 1983, indicating that her condition stabilized for a period and then gradually worsened during 1983, culminating in disability. Finally, the record reveals that in January 1982, when claimant claims to have become disabled, she quit working, not because she was disabled, but because the business at which she was employed closed.
 
 
 4
 From the foregoing, it is clear that the Secretary's decision denying benefits for the period prior to December 1983 is supported by substantial evidence. Therefore, we affirm the district court's judgment.